TYACK, J., dissenting.
 

 {¶ 83} I do not believe a plain-error standard should be applied to the issue of joinder. Defense counsel cannot be reasonably expected to argue every conceivable reason for questioning a joinder. A trial court judge conducting a hearing on this issue can be expected to have knowledge of the various reasons why joinder is or is not permissible. I worry that when we, as an appellate court, go looking for reasons to apply a plain-error standard, we appear to be looking for reasons to affirm the defendant's conviction rather than making an impartial ruling about whether or not a criminal defendant got a fair trial.
 

 {¶ 84} That being said, the jury here carefully weighed the evidence before it and acquitted Parham of the one murder charge. The evidence as to the second murder charge was fairly overwhelming. As a result, I do not believe that Parham was prejudiced by the joinder.
 

 {¶ 85} I strongly disagree with the theory that a motion for relief from joinder must be renewed at the close of the State's case and/or at the close of all the evidence. If the judge grants relief at that point, there is a serious Double Jeopardy issue presented. The State may lose the opportunity to pursue either murder charge because the State insisted on a joint trial which proved to be an unfair trial. Again, an appellate court affirming the results of an unfair trial because defense counsel did not renew the motion for relief from joinder case looks like an appellate court searching for a reason to affirm a conviction, not trying to assure that an accused had a fair trial.
 

 {¶ 86} I also strongly disagree with the State using statements made by a former criminal defense counsel at a bond hearing as evidence in the actual trial of the criminal charges. I note that the defense counsel was fired immediately after the hearing on the issue of bond reduction. A criminal defendant cannot be expected to stand up and yell "that is wrong" when his or her lawyer says something wrong or not in the client's best interest.
 

 {¶ 87} A layperson, especially a criminal defendant, has no control over what his or her lawyer says in open court. To suggest that a person with perhaps a minimal IQ and very limited knowledge of the law and court procedure controls what his or her lawyer says before a judge in open court is to make a suggestion which demonstrates an astonishing lack of reality of criminal trials and criminal defendants.
 

 {¶ 88} I would sustain the fourth assignment of error. Because the majority of this panel does not, I dissent.